UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY CRUMP** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-872** |
| **MICHAEL ELLIOTT LAWRENCE, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Plaintiff Jeremy Crump's ("Plaintiff") Motion to Remand.[1] Plaintiff argues that this matter should be remanded to the 29th Judicial District Court for the Parish of St. Charles because all served defendants did not join in the removal or file a timely written consent to removal.[2] In opposition, Defendants ACE American Insurance Company and Werner Enterprises, Inc. (collectively "Removing Defendants") argue that while Michael Elliott Lawrence ("Lawrence") was named in Plaintiff's suit, he was not properly served, and alternatively, Removing Defendants consented to removal on Lawrence's behalf because he is represented by Removing Defendants' counsel.[3] For the reasons discussed in more detail below, Plaintiff has not shown that there was a procedural defect in the removal process. Therefore, considering the motion, the opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On or about December 23, 2022, Plaintiff was operating a 2018 Chevrolet Silverado pick-up truck and was stopped on the eastbound shoulder of Interstate 10 in St. Charles Parish,

---

[1] Rec. Doc. 6.

[2] *Id.*

[3] Rec. Doc. 8.

1

Louisiana.[4]  At the same time, Defendant Michael Elliott Lawrence ("Lawrence") was operating a 2019 Peterbilt tractor pulling a semitrailer owned by his employer Werner Enterprises, Inc. of Nebraska.[5]  Lawrence was traveling eastbound on Interstate 10 in the outermost lane and allegedly crashed into the driver's side of Plaintiff's vehicle.[6]  Plaintiff alleges that he suffered physical and mental injuries as a result of this incident.[7]

On November 22, 2023, Plaintiff filed suit against Lawrence, Werner Enterprises, Inc. of Nebraska ("Werner"), and ACE American Insurance Company ("ACE") in the 29th Judicial District Court for the Parish of St. Charles.[8]  On April 5, 2024, ACE and Werner removed the matter to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332.[9]  On May 9, 2024, Plaintiff filed the instant motion.[10]  On June 4, 2024, Removing Defendants filed an opposition to the motion.[11]

---

[4] Rec. Doc. 1-1 at 1–2.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 1-1.

[9] Rec. Doc. 1.

[10] Rec. Doc. 6.

[11] Rec. Doc. 8.

## II. Parties' Arguments

*A.     Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that this matter should be remanded because the removal was procedurally defective.[12] Plaintiff contends that all served defendants did not join in the removal or file a timely written consent to the removal.[13] Specifically, Plaintiff asserts that at the time of removal, Lawrence had been properly served but did not join in the removal or file a written consent to removal.[14] Plaintiff contends that Lawrence was served in accordance with the long-arm statute, Louisiana Revised Statute § 13:3204.[15] Plaintiff states that the summons and citation were sent via certified mail to Lawrence's last known address, 1114 Curlew Drive, San Antonio, Texas 78214.[16] Plaintiff asserts that the summons and citation arrived at the United States Post Office in San Antonio, Texas on February 5, 2024.[17] Plaintiff states that the summons and citation was forwarded to the United States Post Office in Austin, Texas per the "customer's request" where it has been held since March 12, 2024.[18]

Plaintiff argues that when Removing Defendants filed the notice of removal, Lawrence had been served but did not join in the removal or timely file a written consent to removal, and thus

---

[12] Rec. Doc. 6-1 at 2.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 3.

[18] *Id.*

3

the removal is defective.[19] Plaintiff contends that pursuant to Louisiana Revised Statute § 13:3204, all that is necessary to constitute service upon a non-resident is that counsel sent a certified copy of the citation and petition to the defendant by registered or certified mail, or actually deliver it to that person.[20] Plaintiff asserts that there is no requirement for a signed return receipt.[21]

Plaintiff argues that Removing Defendants failed to provide written consent for removal on behalf of Lawrence within the required time delays.[22] Plaintiff asserts that the Fifth Circuit has held that statements on behalf of non-removing defendants in a notice of removal are insufficient without written evidence of actual consent.[23]

### B. *Removing Defendants' Arguments in Opposition to the Motion*

In opposition, Removing Defendants contend that Plaintiff has not served Lawrence at his correct address as required by Louisiana Revised Statute § 13:3204, and thus, Lawrence was not required to consent to removal.[24] Even if Lawrence was served, Removing Defendants point out that the notice of removal states "Mr. Lawrence is represented by undersigned counsel and joins in and consents to this removal," which satisfies the Fifth Circuit's written consent requirements.[25]

---

[19] *Id.*

[20] *Id.* at 5.

[21] *Id.*

[22] *Id.* at 6.

[23] *Id.*

[24] Rec. Doc. 8 at 1.

[25] *Id.*

4

Removing Defendants argue that Plaintiff's law firm has a pattern of refusing to provide proof of service, refusing to file an affidavit of service into the state court record, refusing to stipulate to the amount in controversy, and filing a boilerplate motion to remand.[26]

Removing Defendants contend that Plaintiff's counsel attempted to serve Lawrence at 1114 Curlew Drive, San Antonio, Texas 78414, but Lawrence moved to Austin, Texas in September of 2023.[27] Removing Defendants assert that Lawrence was domiciled at the Austin, Texas address five months before Plaintiff attempted to serve Lawrence at the San Antonio, Texas address.[28] Removing Defendants aver that Plaintiff has yet to serve, or attempt to serve, Lawrence at the correct address.[29]

Removing Defendants argue that Lawrence was not properly served pursuant to Louisiana Revised Statute § 13:3204, and thus, Lawrence was not required to consent to removal.[30] Removing Defendants contend that, to date, Lawrence has not received the petition.[31] Removing Defendants assert that Plaintiff offers no evidence that Lawrence is the unidentified customer that requested that the summons and citation be held at the post office.[32]

---

[26] *Id.* at 1–2.

[27] *Id.* at 3.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 5.

[32] *Id.*

5

Even assuming Plaintiff properly served Lawrence, Removing Defendants argue that the removal was proper because Lawrence consented to removal.[33] Removing Defendants assert that the Notice of Removal states that "Mr. Lawrence is represented by undersigned counsel and joins in and consents to this removal."[34] Removing Defendants aver that the notice was filed thirty days after discovery responses serving as a basis for removal were received.[35] Removing Defendants contend that the notice contained (1) a timely filed written indication, (2) from undersigned counsel who has authority to act on Lawrence's behalf as his attorney, and (3) express language stating that Lawrence joined in and consented to the removal.[36] Removing Defendants aver that the Notice of Removal comports with the Fifth Circuit's requirements.[37]

### III. Legal Standard

For cases removed pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(b) requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action." This is known as the "rule of unanimity." The Fifth Circuit has found that "[t]he rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal."[38] Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or

---

[33] *Id.* at 6.

[34] *Id.* at 7.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Powers v. U.S.*, 783 F.3d 570 (5th Cir. 2015) (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted)); *see also Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

summons . . . to file the notice of removal." However, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[39]

A violation of the rule of unanimity renders the removal procedurally defective.[40] The Fifth Circuit has recognized three exceptions to the rule of unanimity. A removing defendant does not have to obtain consent to removal from: (1) improperly or fraudulently joined defendants,[41] (2) nominal or formal parties,[42] and (3) non-forum defendants who have not been served by the time of removal.[43] The Fifth Circuit has also acknowledged that "exceptional circumstances" may justify allowing a defendant to remove a case without meeting the usual consent requirements.[44] However, the Fifth Circuit has clarified that "those instances where this court has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant."[45] The Fifth Circuit has found exceptional circumstances in the case of bad faith efforts by a plaintiff to

---

[39] 28 U.S.C. § 1446(b)(2)(C).

[40] *Getty Oil Corp.*, 841 F.2d at 1262; *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 (5th Cir. 1981).

[41] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[42] *Farias*, 925 F.2d at 871.

[43] *Getty Oil Corp.*, 841 F.2d at 1262 n.9 ("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939); *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985)); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) ("Forster's failure to join in the removal petition is not a bar to the federal court's jurisdiction. Forster could not have joined in it because, as Jones acknowledges, Forster was not even served until after the case had been removed.").

[44] *Getty Oil Corp.*, 841 F.2d at 1263, n.12.

[45] *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

prevent removal, or in instances in which permitting untimely removal is necessary to prevent injustice.[46]

## IV. Analysis

Plaintiff alleges that there is a procedural defect in the removal process, specifically, that Lawrence did not consent to the removal. Defendant argues that Lawrence was not properly served, and alternatively, Removing Defendants consented on Lawrence's behalf.

Removing Defendants provide an unsworn declaration from Lawrence wherein he states that he is currently domiciled at 11510 RM 620 N., Apt. 7110, Austin, Texas 78717, and has been domiciled there since September 2023.[47] On February 5, 2024, when Plaintiff attempted to serve Lawrence at 1114 Curlew Drive, San Antonio, Texas, 78214 via certified mail, Lawrence was no longer domiciled at this address.

Louisiana Revised Statute § 13:3204(A) states in part:

In a suit under R.S. 13:3201 [personal jurisdiction over nonresidents], a certified copy of the citation ... and of the petition ... shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state....

The Court finds that Lawrence was not properly served in accordance with Louisiana Revised Statute § 13:3204 because he was not domiciled at the address in San Antonio, Texas at the time Plaintiff attempted service. "Logically, a necessary requirement for proper long-arm service is that the petitioner sends the certified citation and petition to the actual, correct address

---

[46] *Id.* at 307–08 (citing *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986)); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

[47] Rec. Doc. 8-1.

8

of the defendant."[48] Under Section 1441(a), all defendants who have been properly joined and *served* must joint in or consent to the removal of the action.[49] Since Lawrence was not properly served, he was not required to consent to removal of the action.

In any event, Removing Defendants properly consented to the removal on Lawrence's behalf. The Notice of Removal states "…without waiving the formal requirements of service of process, Mr. Lawrence is represented by undersigned counsel and joins in and consents to this removal."[50] The Fifth Circuit has stated that "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[51] Removing Defendants satisfied this requirement and properly consented to removal on Lawrence's behalf.

---

[48] *See Folse v. St. Rose Farms, Inc.*, 14-436 (La. App. 5 Cir. 11/25/14), 165 So. 3d 104; *see also Dukov v. 701 Corp.*, 95-1310 (La. App. 4 Cir. 1/19/96), 668 So. 2d 379.

[49] 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

[50] Rec. Doc. 1 at 7.

[51] *Getty Oil Corp.*, 841 F.2d at 1262, n.11.

## V. Conclusion

For the reasons stated herein, the Court finds that there were no procedural defects in the removal process. As such, the Court must deny Plaintiff's request to remand the matter to state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[52] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __20th__ day of June, 2024.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[52] Rec. Doc. 6.